[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 03-11921

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00072 CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOYLE GRIMES, JR.,
a. k. a. G-Money,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before EDMONDSON, Chief Judge, TJOFLAT and CARNES, Circuit Judges.

PER CURIAM:

A jury convicted Doyle Grimes of federal drug crimes related to his possession with intent to distribute cocaine base.  We affirmed the conviction.  United States v. Grimes, No. 03-11921, 116 Fed. Appx. 241 (11th Cir. July 22, 2004) (Table).  Grimes appealed our decision to the United States Supreme Court.  The court vacated our previous judgment and remanded the matter to us for further consideration in the light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).  We now affirm the conviction and sentence and reinstate our prior panel opinion.

Grimes claims he preserved his Booker/Blakely/Apprendi claim by objecting in the district court.[1]  Neither of Grimes's objections invoked Apprendi[2] or related cases, nor did they invoke the Sixth Amendment.  In United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir.), cert denied, 126 S.Ct 462 (2005) we wrote that, to preserve error under Apprendi/Blakely/Booker, a defendant must object with reference to the Sixth Amendment or the Apprendi line of cases or must challenge "the role of the judge as fact-finder with respect to sentencing

---

[1]Grimes objected to the pre-sentence report by disputing all allegations in the report "that were not specifically found by the jury."  He also objected at the sentencing hearing by noting "a number of additional factual allegations that were either not presented at trial or were not the subject of a jury verdict."

[2]At the time of Grimes's sentencing hearing, the Supreme Court had decided Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).  The Court had not decided Blakely or Booker.

facts." In <u>Dowling</u>, we concluded that the defendant -- who failed in each of these respects -- did not raise a constitutional objection, but instead raised an objection based only on the sufficiency of the evidence. When considered in context, the objections raised by the defendant's attorney in <u>Dowling</u> were made "to persuade the district judge to find the facts as the attorney desired." <u>Id.</u>

Grimes's objections must similarly be measured in context. The two objections to which Grimes directs our attention are more akin to objections based on the sufficiency of the evidence than <u>Booker</u>-related objections. At no point did Grimes's counsel argue "that the district court was bound to the facts found by the jury verdict because of a Sixth Amendment right to jury trial or for any other reason." <u>Id.</u> Grimes's objections, taken in context, disputed both the facts found by the jury as well as those not specifically found by the jury.[3] Moreover, Grimes never challenged the authority of the judge to act as fact-finder.[4] For these reasons

---

[3]In his objection to the pre-sentence report, Grimes objected to the "allegations that were not specifically found by the jury" as well as "any allegations involving a jury finding." In a similar way, at his sentencing hearing, Grimes' counsel objected that, "[I]n essence, we disagree with the entire offense conduct." Considered in context, Grimes did not narrowly object to the sentencing enhancements not established by the jury verdict; he broadly objected to the jury's verdict and the sentencing enhancements as a whole.

[4]Grimes's counsel stated that he "realize[d] the court needs to deal with those matters that...were not necessarily resolved by the jury at trial."

we cannot conclude that Grimes preserved a claim of <u>Booker</u> error by objecting in the district court.

Grimes also failed to raise a <u>Booker/Blakely/Apprendi</u> issue in his initial brief on appeal to this Court. We follow the well-established prudential rule that "issues not raised in a party's initial brief are deemed abandoned and generally will not be considered by this Court." <u>United States v. Levy</u>, 416 F.3d 1273, 1275 (11th Cir.), <u>cert</u>. <u>denied</u>, 126 S.Ct. 643 (2005). In <u>Levy</u> we determined that "nothing in <u>Booker</u> undermines or affects our prudential rules; if anything, <u>Booker</u> contemplates that they should be applied in <u>Booker</u>-remand cases." <u>Id.</u> at 1279-80.

Grimes argues that he timely raised his sentencing claim before this Court in a motion seeking leave to submit supplemental briefing to discuss how <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004), impacted on his case. Grimes submitted this motion on the same day we entered our decision in his case.[5] In <u>United States v. Nealy</u>, we stated that "parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority." 232 F.3d 825, 830

---

[5]Grimes submitted his motion; and we entered our decision on 22 July 2004. Grimes did not receive a copy of our decision until 26 July 2004. Grimes then filed a Petition for Rehearing, which we denied.

(11th Cir. 2000). In Nealy, we noted that applying new case law to preserved issues is permissible in a supplemental brief, but raising new issues based on new case law is improper. Id.

Because Grimes failed to raise a Booker/Blakely/Apprendi issue in his initial brief to this Court, the Booker-related arguments made in his supplemental brief improperly raise a new issue. That Grimes submitted his motion on the same day we released our opinion in his case is immaterial to Grimes's claim. Even if we had allowed him to submit a supplemental brief, Grimes would not have been permitted to make Booker-related arguments before this Court.

Applying our ordinary prudential rules to this case, we conclude that Grimes abandoned his Booker/Blakely/Apprendi claim by failing to raise the issue in his initial brief.

We have considered this case in the light of Booker and our case law, and we affirm Grimes's conviction and sentence and reinstate our prior panel opinion.

AFFIRMED.